Joshua J. Bettencourt #240221
David W. Kahn #258700
KAHN, SOARES & CONWAY, LLP
Attorneys at Law
219 North Douty Street
Hanford, California 93230
Telephone: (559) 584-3337
Facsimile:  (559) 584-3348

Attorneys for Plaintiffs: INDAR JEET KAUR; ASHWINDAR KAUR

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND #83013
JASON S. YOO #261114
2029 Century Park East, Suite 1600
Los Angeles, CA 90067-3086
Tel: (310) 556-5800
Fax: (310) 556-5959
Email: lacalendar@stroock.com

Attorney for Defendant, CITIBANK, N.A.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| INDAR JEET KAUR, an individual; ASHWINDAR KAUR, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> CITIBANK, N.A., a national banking association; MICHAEL OSUNA, an individual; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.  1:13-cv-1610 <br><br> **JOINT SCHEDULING REPORT** <br><br><br> **DATE: March 4, 2014** <br> **TIME:  9:30 AM** <br> **COURTROOM: 7** <br> **MAGISTRATE SHEILA K. OBERTO** |

## INTRODUCTION

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Court's Order Setting

Mandatory Scheduling Conference, Plaintiffs' and Defendant's counsel discussed issues

1

_____
**JOINT SCHEDULING REPORT**

LA 51730526v1

pertaining to the Mandatory Scheduling Conference on February 12, 2014. As a result of the February 12, 2014 meeting between counsel, the parties jointly submit the following Scheduling Report:

       1.    *Summary of Pleadings.*

          a.     Plaintiff's Contentions. Plaintiff seeks compensatory damages, attorney's fees and punitive damages for Defendants' fraud and misrepresentations related to Plaintiffs' loan ("**Loan**") received from Defendant, Citibank, N.A.  Defendants' fraud and misrepresentations induced Plaintiffs to undertake certain repairs and improvements to the real property securing the Loan (the "**Property**") and seek alternate financing.  Defendant Bank continually promised to allow Plaintiffs to refinance their loan with Defendant Bank, and to allow Plaintiffs to purchase the subject Promissory Note at a reduced price.  Despite such promises and representations, Defendant Bank sold the Loan to a third party lender who immediately foreclosed the Property causing Plaintiffs to lose its Property.

          b.     Defendant's Contentions. Defendant Bank denies all material allegations alleged in the Complaint.  Moreover, Defendant Bank intends to file a motion for judgment on the pleadings on the grounds that Plaintiffs previously filed for bankruptcy and failed to identify the claims that form the basis of the Complaint against Citibank in the schedules to their bankruptcy petitions.  Squarely addressing this issue, the Ninth Circuit has held that where, as here, a debtor fails to disclose a claim in a prior bankruptcy, the debtor is judicially estopped from prosecuting that claim in the future.  Therefore, Defendant Bank maintains that this Court should grant judgment in favor of Citibank on all claims asserted by Plaintiffs.

       2.    *Amendments to Pleadings*. Plaintiff intends to amend its Complaint for Damages for Intentional Misrepresentation, Negligent Misrepresentation, and Promise Made without Intention to Perform (the "**Complaint**") to include its Prayer for Relief erroneously omitted from the Complaint.

       3.    *Summary of Facts*.

          a.     Facts. The following facts were alleged in Plaintiffs' Complaint: Plaintiffs

2

_____
**JOINT SCHEDULING REPORT**

LA 51730526v1

are individuals who owned real property located at 1700 Dairy Road, Corcoran, County of Kings, California. The obligation or liability of Defendants arose in the County of Kings, California.  At all times relevant to the action, Defendant Michael Osuna, an individual ("**Defendant Osuna**") was an agent and employee of Defendant Bank.  In or about October, 2006, Plaintiffs, as "Borrower", and Defendant Bank as "Lender" entered into that certain Adjustable Rate Promissory Note ("**Note**") in the principal sum of $9,650,000.00.  In or about May, 2010, Plaintiffs and Defendant Bank entered into a written agreement ("**Modification Agreement**") to modify the terms of repayment of the Note by, among other things, allowing Plaintiffs to make interest only payments.  Also, pursuant to the terms of the Modification Agreement, Plaintiffs wired the approximate amount of $420,000.00 to Defendant Bank and deposited an additional sum of $111,000.00 into a suspense account with Defendant Bank in order to bring Plaintiffs current on all amounts due under the Note to Defendant Bank.  Plaintiff made payments to Defendant Bank per the terms of the Modification Agreement.  In or about November, 2010, Defendant Osuna advised Plaintiffs that Defendant Bank was in the process of selling off all of its commercial loans and would be making no further loans like the Loan.  Defendant Osuna advised Plaintiffs that he would wait until after January 1, 2011, and if no buyers came forward, Plaintiffs could then go forward with the new financing and purchase of the Note at a yet to be determined reduced price.

Ultimately, Plaintiffs were induced by Defendant Bank and Defendant Osuna to stop making payments related to the Modification Agreement, obtain a Broker's Purchase Opinion, complete deferred maintenance, and obtain necessary approvals from multiple lenders based on misrepresentations made by Defendant Bank and Defendant Osuna that Plaintiffs could purchase the Note at a reduced rate from Defendant Bank.

Finally, in or about April, 2011, Plaintiffs were advised by Defendant Osuna that the Note had been sold to a third party bank as part of a package of loans being sold by Defendant Bank. Immediately thereafter, First Southern National Bank sent a letter to Plaintiffs demanding all amounts due and owing on the Note, plus all real property taxes.  Plaintiffs were unable to pay

3
_____
**JOINT SCHEDULING REPORT**

1 the amount demanded by First Southern National Bank because of their prior reliance and

2 expenditures in preparation for purchasing the Note from Defendant Bank.   Finally, First

3 Southern National bank foreclosed and took the Property from Plaintiffs.

4       Defendant Bank denies all material factual allegations in the Complaint.  As set forth

5 above, Defendant Bank intends to file a motion for judgment on the pleadings on the grounds

6 that Plaintiffs previously filed for bankruptcy and failed to identify the claims that form the basis

7 of the Complaint against Citibank in the schedules to their bankruptcy petitions.   Squarely

8 addressing this issue, the Ninth Circuit has held that where, as here, a debtor fails to disclose a

9 claim in a prior bankruptcy, the debtor is judicially estopped from prosecuting that claim in the

10 future.  Therefore, Defendant Bank maintains that this Court should grant judgment in favor of

11 Citibank on all claims asserted by Plaintiffs.

12     4. *Summary of Disputed and Undisputed Legal Issues.*

13       a. It is undisputed that this Court has jurisdiction of this case.

14       b. It is undisputed that Venue is proper.

15       c. All other legal issues are disputed.

16     5. *Status of Matter Presently Before the Court*. The Court presently has before it

17 Plaintiff's Complaint and Defendant's Answer. A Scheduling Conference is set for 9:30 a.m. on

18 March 4, 2014.  Defendant Bank intends to file a motion for judgment on the pleadings prior to

19 the Scheduling Conference

20     6. *Discovery Plan*.  Because of the anticipated above-referenced motion to be filed

21 by Defendant Bank, the parties have not agreed upon a discovery plan.  The parties agree that

22 initial disclosures and discovery shall be deferred pending a ruling on Defendant Bank's

23 dispositive motion.  If Defendant Bank's motion is not granted, the parties expect to develop a

24 discovery plan as to the following.

25       a. Initial Disclosures:

26       b. Non-Expert Discovery Cutoff:

27       c. Expert Disclosure:

28

4

**JOINT SCHEDULING REPORT**

LA 51730526v1

d.      Expert Witness Discovery Cutoff:

e.      Changes in limits on discovery:

f.      Needs for protective order:

g.      Issues related to timing/scheduling:

h.      Discovery outside of U.S.:

i.      Video/Sound recording of depositions:

j.      Proposed date for Mid-Discovery status report:

7.      *Electronic Discovery*. The parties submit the following with respect to Electronic Discovery: Counsels are aware that certain email correspondence is relevant to the parties' dispute; however, the parties do not anticipate any significant potential issues related to electronic discovery. To the extent not already done so, the parties submit that the Counsels should instruct their respective clients to preserve all computer based information related to the subject Loan and transaction(s) and to search their computer systems for such information. The parties further submit that they agree to produce hard copies of electronic information subject to discovery should the same be requested in discovery and/or be a necessary part of initial disclosures.

8.      *Dates Agreed to By All Counsel*. The parties expect to agree on the following dates after a ruling on Defendant Bank's anticipated motion to dismiss.

a.      Deadline for filing non-dispositive matters:

b.      Deadline for policy dispositive motions:

c.      Pre Trial Conference:

d.      Trial Date:

9.      *Settlement*. Plaintiffs have made an initial offer of settlement.  Plaintiffs' offer is currently under consideration by Defendant Bank.  The parties plan to explore settlement of the matter further.

10.      *Jury/Non-jury*. A jury trial has been demanded by Plaintiffs.

11.      *Trial Day Estimate*. Five (5) to seven (7) days.

5
_____
**JOINT SCHEDULING REPORT**

LA 51730526v1

1         12.    *Consent to U.S. Magistrate Judge*. There is no agreement on this issue at this

2    time.

3         13.    *Bifurcation*. No bifurcation is requested by either party.

4         14.    *Relation to Pending Matters*. There are no related matters currently pending.

Dated: February 25, 2014     KAHN, SOARES & CONWAY, LLP

By:   /s/ Joshua J. Bettencourt     

    Joshua J. Bettencourt #240221 /
    David W. Kahn #258700,
    Attorneys for Plaintiffs,
    Ashwindar Kaur and Indar Jeet Kaur,
    219 N. Douty Street, Hanford, CA 93230
    Telephone: (559) 584-3337
    Facsimile: (559) 584-3348
    Email: jbettencourt@kschanford.com
        dkahn@kschanford.com

Dated: February 25, 2014     STROOCK & STROOCK & LAVAN LLP

By:   /s/ Julia B. Strickland     

    Julia B. Strickland #83013
    Jason S. Yoo #261114
    Attorneys for Defendant,
    Citibank, N.A.,
    2029 Century Park East, Suite 1600
    Telephone: (310) 556-5970
    Facsimile: (310) 556-5959
    Email: lacalendar@stroock.com

F:\WORD\14\14203.09\Joint Scheduling Conference Report FINAL 022514.doc

_____
**JOINT SCHEDULING REPORT**

LA 51730526v1