Joshua J. Bettencourt #240221
David W. Kahn #258700
KAHN, SOARES & CONWAY, LLP
Attorneys at Law
219 North Douty Street
Hanford, California 93230
Telephone: (559) 584-3337
Facsimile: (559) 584-3348

Attorneys for Plaintiffs: INDAR JEET KAUR; ASHWINDAR KAUR

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| INDAR JEET KAUR, an individual; ASHWINDAR KAUR, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>CITIBANK, N.A., a national banking association; MICHAEL OSUNA, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 1:13-cv-1610<br><br>**OPPOSITION TO MOTION FOR JUDGMENT ON PLEADINGS**<br><br>**DATE: May 12, 2014**<br>**TIME: 1:30 p.m.**<br>**COURTROOM: 2**<br>**JUDGE: ANTHONY W. ISHII** |

Plaintiffs, INDAR JEET KAUR and ASHWINDAR KAUR hereby submit the following Opposition to Motion for Judgment on Pleadings:

## I.
## INTRODUCTION

Plaintiffs, Indar Jeet Kaur ("Indar") and Ashwindar Kaur ("Ashwindar") commenced this action by filing a Complaint for Damages for Intentional Misrepresentation, Negligent Misrepresentation, and Promise Made without Intention to Perform in the Superior Court of the State of California in and for the County of Kings on August 16, 2013.

On or about October 4, 2013, Defendant Citibank, N.A. ("Defendant Citibank") filed an Answer of Defendant Citibank, N.A. to Complaint in Kings County Superior Court, and removed the action from superior court to this Court. On or about October 21, 2013, Plaintiffs filed with this Court a Demand for Jury Trial. Finally, on March 13, 2014, Defendant Citibank filed the instant Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c).

Plaintiffs' Complaint alleges that Plaintiffs entered into an Adjustable Rate Promissory Note (the "**Loan**") with Defendant Citibank in or about October, 2006. Complaint, ¶7. In or about 2010, Plaintiffs and Defendant Citibank entered into a modification agreement. Complaint, ¶8. The Complaint alleges that pursuant to the terms of the modification agreement, Plaintiffs made certain payments to Defendant Citibank. Complaint, ¶9. The Complaint also alleges that thereafter, based on representations by Defendant Citibank, Plaintiffs made repairs to the real property (the "**Property**") securing the Loan. Complaint, ¶¶13, 18. The Complaint alleges that "as a proximate result of the fraudulent conduct of [Defendants] as herein alleged, the Plaintiffs were…induced to stop making payments on the Modification Agreement ultimately resulting in Plaintiffs losing the [Subject] Property." Complaint, ¶¶32, 43, and 53. The Complaint alleges that ultimately Defendant Citibank then sold the Loan to First Southern National Bank and First Southern National Bank foreclosed on the Property. Complaint, ¶¶21, 24.

Indar filed bankruptcy on or about June 2, 2011. Declaration of Indar Kaur ("**Indar Decl.**"), ¶5. Indar was dismissed as debtor on or about September 20, 2011. Indar Decl., ¶6. Indar's bankruptcy case was terminated on or about October 17, 2011. Indar Decl., ¶7. After Indar's bankruptcy case was terminated, First Southern National Bank foreclosed on the Property. Indar Decl., ¶9.

Ashwindar filed Chapter 11 bankruptcy on or about November 2, 2011. Declaration of Ashwindar Kaur ("**Ashwindar Decl.**"), ¶6. Ashwindar did not understand that she was supposed to list in her bankruptcy schedules any claims against third parties. Ashwindar Decl., ¶¶ 13, 14.

Ultimately the bankruptcy court ordered that Ashwindar's debts were not to be discharged. Ashwindar Decl., ¶19.

Defendant Citibank now contends it is entitled to entry of judgment against Plaintiffs because judicial estoppel bars Plaintiffs' Complaint and each cause of action therein. More particularly, Defendant Citibank argues that Plaintiffs omitted their claims against Citibank from the voluntary petitions they filed in Bankruptcy Court and, as result, Plaintiffs' Complaint is allegedly barred by the doctrine of judicial estoppel. In an attempt to support its argument, Defendant Citibank cites opinions that are clearly distinguishable from the instant action. As demonstrated below, entry of judgment against Plaintiffs based on judicial estoppel would be inappropriate under the circumstances of this case and Defendant Citibank's motion must be denied because it has undoubtedly failed to meet its burden on a motion for judgment on the pleadings.

## II.
## LEGAL STANDARD ON MOTION FOR JUDGMENT ON THE PLEADINGS

On a motion for judgment on the pleadings, all allegations of fact by the party opposing the motion are accepted as true. *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984). Not only must the court accept all material allegations in the complaint as true, but the complaint must be construed, and all doubts resolved, in the light most favorable to the plaintiff. *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. Cal. 1988). The motion for judgment on the pleadings faces the same test as a motion under Rule 12(b)(6) and judgment will be affirmed "only if it is clear that no relief could be granted under <u>any</u> set of facts that could be proven consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (emphasis added).

Further, judgment on the pleadings is properly granted only where the "movant <u>clearly</u> establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *McGlinchy, supra* (emphasis added); *Doleman, supra;* see also *Nat'l Fid. Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987) [a moving party must

unequivocally establish that no material issues of fact exist and that judgment on the pleadings is warranted by law]. Citibank has undoubtedly failed to meet its burden as the moving party.

## III.
## LEGAL ARGUMENT

### A. Judicial Estoppel Does Not Apply Because Plaintiffs' Bankruptcy Petitions Did Not Result In Any Discharge Of Debt Or Other Windfall To Plaintiffs And, Further, Material Issues Of Fact Exist As To When Plaintiffs' Claims Accrued.

The Ninth Circuit has generally held that judicial estoppel applies only where the following three (3) conditions are satisfied: (i) A party's position is "clearly inconsistent" with its earlier position; (ii) the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled; and (iii) the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Ah Quin v. County of Kauai DOT*, 733 F.3d 267, 270-271 (9th Cir. 2013). In the bankruptcy context, the Ninth Circuit has approved a "default rule" that "if a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the action." See, *Id.* at p. 271 (citing *Payless Wholesale Distribs., Inc. v. Alberto Culver (P.R.) Inc.*, 989 F.2d 570, 571 (1st Cir. 1993) [stating "[c]onceal your claims; get rid of your creditors on the cheap, and start over with a bundle of rights. This is a palpable fraud that the court will not tolerate, even passively."]).

With this background, this Court has concluded "the Ninth Circuit only recognizes judicial estoppel when the Bankruptcy Court relied on the assertion that the debtor did not intend to bring any litigation, and the litigation would result in a windfall to the debtor against her creditors." *Fresno Rock Taco LLC v. Rodriguez*, 2011 U.S. Dist. LEXIS 87732 (E.D. Cal. Aug. 9, 2011) (citing *Donato v. Metropolitan Life Insurance Co.*, 230 B.R. 418, 421 (N.D. Cal. 1999)). This clearly was not the case here as Plaintiffs' bankruptcy petitions did not result in any discharges of debt whatsoever nor any plan confirmation. There is no showing of acceptance of any assertions in Plaintiffs' bankruptcy petitions and no "windfall" to Plaintiffs as the debts owed

to their creditors remained intact and uncompromised. Further, Defendant Citibank, as the moving party, has failed to unequivocally establish that no material issues of fact exist with regard to when Plaintiffs' claims ripened for litigation and, therefore, Defendant Citibank cannot demonstrate Plaintiffs took "clearly inconsistent" positions in Bankruptcy Court. Accordingly, Defendant Citibank's motion fails.

**1. No Unfair Advantage Or Unfair Detriment.**

In *Donato, supra*, the plaintiff employee filed a Chapter 13 bankruptcy petition. Shortly thereafter, the defendant employer terminated her employment. The plaintiff then filed an action against the defendant, alleging employment discrimination and related claims. The defendant brought a motion for judgment on the pleadings based on, among other things, the doctrine of judicial estoppel. The motion was denied and the court declined to apply judicial estoppel to bar the plaintiff's claims even though a Chapter 13 plan had been confirmed. *Id.* at p. 424.

In reaching its conclusion, the *Donato* court noted there had been no substantial reliance on the plaintiff's inaccuracies and failure to disclose. The court pointed out that under the confirmed plan, the plaintiff's creditors would receive 100 percent of their claims. *Id.* As a result, the plaintiff's bankruptcy case did not deprive "creditors of their proper share of the assets of the estate" and would not "have been a windfall to the plaintiff had the court allowed the litigation to proceed." *Id.*

The *Donato* court also distinguished the facts before it from the case of *Hay v. First Interstate Bank of Kalispell, NA,* 978 F.2d 555, 557 (9th Cir. 1992), a case relied on by Defendant Citibank in its instant motion. The court stated:

> *Hay* is distinguishable from this case. In *Hay,* the court judicially estopped the plaintiff from proceeding with a lawsuit against one of the major creditors in its Chapter 11 bankruptcy case. The plaintiff and the major creditor had negotiated a separate settlement of the creditor's claim which was specifically approved by the bankruptcy court. Had the plaintiff disclosed the lawsuit in its bankruptcy case, it would have affected its negotiated settlement with the major creditor…Further, in *Hay,* the plan confirmed by the bankruptcy court did not provide that other creditors receive 100 percent of their claims…Had the lawsuit been disclosed, the plan no doubt would have provided that the creditors receive a certain portion of any damages recovered by the plaintiff. This situation is unlike the plan confirmed

> by the court in Donato's bankruptcy case, under which the creditors could not receive a greater amount of their claims even had her lawsuit...been disclosed. *Id.* at pp. 423-424.

As in *Donato, supra*, any omissions by Plaintiffs (which have not been established by Defendant) in connection with their bankruptcy petitions did not deprive "creditors of their proper share of the assets of the estate" and did not result in a "windfall" to the Plaintiffs. There is absolutely no argument presented by Defendant Citibank that the debts of Plaintiffs were discharged, settled or otherwise compromised. Indeed Exhibit "E" to Defendant's Request for Judicial Notice demonstrates Indar Jeet Kaur's bankruptcy case was dismissed pursuant to an order dated September 20, 2011. Defendant has not established that any plan, settlement or discharge was approved by the Court prior to said dismissal. Likewise, Ashwindar Kaur's bankruptcy case ended without any court approved discharge, settlement or reorganization plan. As evidenced by Exhibit "J" to Defendant's Request for Judicial Notice, Ashwindar Kaur was denied a discharge by court order dated December 13, 2012. In short, Plaintiffs were not successful in discharging or compromising debts in their bankruptcy cases. As put by the Supreme Court in *New Hampshire v. Maine,* 532 U.S. 742, 750-751 (2001): "Absent success in a prior proceeding, [any] later inconsistent position introduces no risk of inconsistent court determinations and thus poses little threat to judicial integrity."

Thus, the case at bar is clearly distinguishable from *Hay, supra.* This case is also distinguishable from *Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778 (9th Cir. 2001), another case heavily relied upon by Citibank in its moving papers. In *Hamilton*, the plaintiff-debtor received a discharge. Here, as more fully articulated above, neither plaintiff obtained a discharge, court approved plan, or even a court approved settlement. As a result, the Plaintiffs did not receive any unfair advantage and no unfair detriment resulted to Plaintiffs' creditors.

**2. Material Issues Of Fact Exist With Regard To The Ripeness Of Plaintiffs' Claims During Bankruptcy Proceedings And Plaintiffs' Alleged "Inconsistent Positions."**

Defendant Citibank's motion must be denied as it fails to demonstrate Plaintiffs' current position is "clearly inconsistent" with their prior position in bankruptcy. This is because

Citibank has not made an unequivocal showing that Plaintiffs' allegedly omitted claims had legally ripened before, or during the pendency of, their bankruptcy cases. Under California law, a cause of action does not accrue until damages have been sustained. *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, 2012 U.S. Dist. LEXIS 28017 (E.D. Cal. Mar. 2, 2012) (citing *Pooshs v. Phillip Morris USA, Inc.*, 51 Cal.4th 788, 797 (2011) ["A cause of action accrues 'when [it] is complete with all of its elements' – those elements being wrongdoing, harm, and causation."]); *City of Vista v. Robert Thomas Sec.,* 84 Cal. App. 4th 882, 886 (2000) ["when damages are an element of cause of action, the cause of action does not accrue until the damages have been sustained."]; *McAllister v. Clement*, 75 Cal. 182, 184 (1988) ["But it is clear that no action will lie to recover damages if no damages have been sustained."]. Further, a threat of future harm is not enough for a claim to legally ripen. See *United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.*, 1 Cal.3d 586, 597 (1970) ["Mere threat of future harm, not yet realized, is not enough…The cause of action must be matured so that a suit can be based upon it…No action will lie to recover damages if no damages have been sustained."]; *Walker v. Pacific Indem. Co., 1*83 Cal.App.2d 513, 517 (1960) ["It is clear that mere possibility, or even probability, that an event causing damage will result from a wrongful act does not render the act actionable…"]

Each cause of action in Plaintiff's Complaint alleges that, "[a]s a proximate result of the fraudulent conduct of [Defendants] as herein alleged, the Plaintiffs were …induced to stop making payments on the Modification Agreement ultimately resulting in Plaintiffs losing the [Subject] Property." Complaint, ¶¶ 32, 43, and 53. Plaintiff's Complaint also alleges that the Subject Property was lost when "First Southern National Bank foreclosed and took the Property from Plaintiffs." *Id.*, ¶24. The last element of Plaintiff's causes of action – harm -- did not occur until the third-party bank foreclosed on the subject property. In fact, Plaintiffs were negotiating a potential restructure of the subject loan with First Southern National Bank in an attempt to avoid damages and maintain ownership of the Property. However, such negotiations were unsuccessful. At that point, Plaintiffs' ownership of the asset was lost and the expenditures incurred in connection with the property were wasted and rendered of no benefit to Plaintiffs.

Defendant Citibank has not presented any support for its position that Plaintiffs' claims accrued before or during the pendency of any bankruptcy case. The pleadings and Citibank's request for judicial notice do not reflect the timing of the foreclosure causing harm to Plaintiffs and, therefore, material issues of fact obviously exist. As set forth above, Indar's Bankruptcy was dismissed and terminated prior to First Southern National Bank's foreclosure and Plaintiff's resulting loss of ownership of the Property.

The above demonstrates a further distinction between the case at bar and *Hamilton, supra*. In that case, the plaintiff-debtor ("Hamilton") sought recovery from an insurance company for water damage and loss of allegedly stolen property following a partial flood of his house. *Id.* at 780. The insurance company, "apparently suspicious" of Hamilton's insurance claim, initiated an investigation into its validity. *Id.* Hamilton enlisted lawyers to pressure the insurance company to pay Hamilton quickly, claiming that the insurer was acting in bad faith and threatening litigation. *Id.* at 781. Less than two weeks after receiving a denial from his insurance carrier, Hamilton filed his bankruptcy schedules, listing a residential vandalism loss but not his bad faith claim against the insurer. On such facts, "it was palpable from the record that the plaintiff-debtor's bankruptcy omission was intentional in every sense of the term." *Ah Quin, supra* at p. 267 fn. 5 (citing *Hamilton, supra* at p. 781). Here, however, there is nothing that shows Plaintiffs' claims had legally ripened at the time their bankruptcy cases were pending, nor that Plaintiffs understood the claims were ripe. Unlike the facts of Hamilton, there is no evidence here that Plaintiffs suffered harm before the filing of their bankruptcy schedules.

In sum, Citibank has not met its burden of clearly establishing that Plaintiffs' claims alleged herein were ripe at the time they were involved in bankruptcy proceedings. Accordingly, Citibank is not entitled to judgment on the pleadings as its motion fails to show a key element of judicial estoppel (i.e., that a "clearly inconsistent" position was taken by Plaintiffs in a prior proceeding). *Ah Quin, supra* at pp. 270-271.

///
///
///

**B. Assuming, *Arguendo*, There Was An Omission Resulting In An Unfair Advantage, The Omission Was Inadvertent And/Or Mistaken.**

As demonstrated above, judicial estoppel does not bar Plaintiffs' Complaint because (i) Plaintiffs did not derive an unfair advantage or impose an unfair detriment on their creditors in bankruptcy; and (ii) Citibank has not established Plaintiffs current position is "clearly inconsistent" with their prior position in bankruptcy. However, even if it is assumed that Plaintiffs somehow obtained an unfair advantage through their bankruptcy cases (which is denied) and that Citibank has met its burden of showing clear "inconsistent positions" (which is denied), judicial estoppel is not appropriate because any omission made in connection with Plaintiffs' bankruptcy proceedings was the result of inadvertence or mistake.

Judicial estoppel is inapplicable when a party's prior position was based on inadvertence or mistake. *Donato, supra* at p. 421 (citing *Helfand v. Gerson*, 105 F.3d 530, 536 (9th Cir. 1997)); see also *Ah Quin, supra* at p. 271. In *Ah Quin,* the plaintiff-debtor, failed to list her separate civil action (that was already pending) as an asset in her bankruptcy schedules, and the defendant moved to dismiss the action as barred by judicial estoppel. *Id.* at 269-70. The district court applied a narrow interpretation of "mistake" and "inadvertence" and granted the defendant's motion. The Ninth Circuit vacated the district court's ruling.

In reaching its decision, the Ninth Circuit discussed its agreement with the case of *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.,* 81 F.3d 355, 362 (3d.Cir. 1996). In *Ryan*, the court explained:

> [P]olicy considerations militate against adopting a rule that the requisite intent for judicial estoppel can be inferred from the mere fact of nondisclosure in a bankruptcy proceeding. Such a rule would unduly expand the reach of judicial estoppel in post-bankruptcy proceedings and would inevitably result in the preclusion of viable claims on the basis of inadvertent or good-faith inconsistencies. While we by no means denigrate the importance of full disclosure or condone nondisclosure in bankruptcy proceedings, we are unwilling to treat careless or inadvertent nondisclosures as equivalent to deliberate manipulation when administering the "strong medicine" of judicial estoppel. See *Ah Quin, supra* at p. 277.

The Ninth Circuit went on to hold that "rather than applying a presumption of deceit, judicial estoppel requires an inquiry into whether the plaintiff's bankruptcy filing was, in fact,

inadvertent or mistaken, as those terms are commonly understood. Courts must determine whether the omission occurred by accident or was made without intent to conceal. The relevant inquiry is not limited to the plaintiff's knowledge of the pending claim and the universal motive to conceal a potential asset—though those are certainly factors. The relevant inquiry is, more broadly, the plaintiff's subjective intent when filling out and signing the bankruptcy schedules." *Id.* at pp. 276-277.

With this understanding, the *Ah Quin* court ultimately concluded that "viewing the evidence in the light most favorable to [the] [p]laintiff, and thus crediting her affidavit, her bankruptcy filing was inadvertent" and remanded for further factual development. The court noted the plaintiff-debtor had "filed an affidavit in which she swore that, when she reviewed the bankruptcy schedules, she did not think that she had to disclose her pending lawsuit because the bankruptcy schedules were 'vague.'" *Id.* at 277. The Court has also recognized other examples of inadvertence or mistake. Specifically, the *Ah Quin* court stated that "a litigant who is not represented by counsel or who speaks English as a second language and fails to include a claim on her bankruptcy schedule because she does not understand that she was required to do so…would punish the litigant for making an honest mistake and would leave no room for equitable considerations. Id. at 272, footnote 3.

The *Donato* Court also denied the defendant's motion. The Court reached it conclusion after closely scrutinizing Donato's affidavit and reasons for not identifying her claims. The Court explained that Donato's declaration "states that her failure to disclose her lawsuit against MetLife in her bankruptcy schedules was the result of inadvertence and was not intentional wrongdoing or part of a scheme to mislead the court." *Donato*, supra, at p.421. Donato's affidavit explained that she does not remember whether the paralegal assisting her with her bankruptcy schedules asked her if she had any claims. *Id.* at 422. She also explained that even if he did ask her, "she would have replied that she did not because at that time she was still employed by MetLife and had no plans to sue MetLife." *Id.*

Here, as in *Ah Quin*, Ashwindar did not understand that she had to disclose her potential claims against Defendant Citibank for several reasons, including, among other things, her lack of understanding of the bankruptcy schedules and requirement that claims be identified even if such claims had ripened. Moreover, like in *Donato*, Indar did not list any claims on her bankruptcy schedules because she did not believe she had any claims against Defendant Citibank. At the time of, and during the pendency of her bankruptcy, the Property had not been foreclosed upon and she therefore did not believe she had any claims.

## IV.
## CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that the Court deny Defendant Citibank's Motion for Judgment on the Pleadings in its entirety. If for some reason the Court is inclined to grant Defendant Citibank's motion, Plaintiffs request leave to amend their Complaint to state causes of action against Defendant Citibank.

Dated: April 25, 2014 KAHN, SOARES & CONWAY, LLP

By: /s/ Joshua J. Bettencourt

Joshua J. Bettencourt #240221 /
David W. Kahn #258700,
Attorneys for Plaintiffs,
Ashwindar Kaur and Indar Jeet Kaur,
219 N. Douty Street, Hanford, CA 93230
Telephone: (559) 584-3337
Facsimile: (559) 584-3348
Email: jbettencourt@kschanford.com
dkahn@kschanford.com

F:\WORD\14\14203.09\Pleadings\Opp to Motion for Judgment on Pleadings 042414.doc\

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2014, a copy of the foregoing **OPPOSITION TO MOTION FOR JUDGMENT ON PLEADINGS** was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

/s/ David W. Kahn
David W. Kahn