Joshua J. Bettencourt #240221
David W. Kahn #258700
KAHN, SOARES & CONWAY, LLP
Attorneys at Law
219 North Douty Street
Hanford, California 93230
Telephone: (559) 584-3337
Facsimile:  (559) 584-3348

Attorneys for Plaintiffs: INDAR JEET KAUR; ASHWINDAR KAUR

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| INDAR JEET KAUR, an individual; ASHWINDAR KAUR, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>CITIBANK, N.A., a national banking association; MICHAEL OSUNA, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.  1:13-cv-1610<br><br>**DECLARATION OF ASHWINDAR KAUR IN SUPPORT OF OPPOSITION TO MOTION FOR JUDGMENT ON PLEADINGS**<br><br>DATE: May 12, 2014<br>TIME:  1:30 p.m.<br>COURTROOM: 2<br>JUDGE: ANTHONY W. ISHII |

I, Ashwindar Kaur, declare:

1. I am a plaintiff in the above-captioned litigation.

2. English is my second language, and I have difficulty understanding written documents, unless thoroughly explained to me.

3. I do not have a high school education.

**DECLARATION OF ASHWINDAR KAUR IN SUPPORT OF OPPOSITION TO MOTION FOR JUDGMENT ON PLEADINGS**

4. I, along with my co-plaintiff and mother, Indar Jeet Kaur, obtained a loan (the "**Loan**") from Defendant, Citibank, N.A. ("**Defendant Citibank**") secured by certain real property, including an apartment complex in Corcoran, California (the "**Property**").

5. The Loan was sold, transferred and/or assigned to a third party bank, First Southern National Bank, in or about March or April, 2011.

6. On or about November 2, 2011, I filed a Chapter 11 Bankruptcy (the "**Bankruptcy**").

7. Without in any way waiving attorney-client privilege, I hired Mr. Timothy McCandless as my bankruptcy attorney to assist and advise me regarding the bankruptcy filings and processes.

8. Again, without in any waiving the attorney-client privilege, in November, 2011, Mr. McCandless prepared the Bankruptcy schedules with the Bankruptcy Court.

9. To the best of my recollection, and without waiving the attorney-client privilege, Mr. McCandless never asked me whether I had any claims or potential claims.

10. Without in any way waiving the attorney-client privilege, even if, at that time, Mr. McCandless had asked me if I had any claims, I would have advised that I did not because I did not have any claims of which I was aware.

11. Specifically, First Southern National Bank had not yet foreclosed on the Property.

12. Rather, I was continuing discussions and negotiations with First Southern National Bank in an effort to maintain ownership of the Property, and had no plans yet to sue Defendant Citibank.

13. Mr. McCandless completed the Chapter 11 schedules and asked me to sign without advising me to read the schedules.

14. If I had read the schedules, I would not have understood that I was required to identify claims against third parties because English is my second language and I have difficulty understanding written English.

DECLARATION OF ASHWINDAR KAUR IN SUPPORT OF OPPOSITION TO MOTION FOR JUDGMENT ON PLEADINGS

15. My Chapter 11 Bankruptcy was converted to a Chapter 7 Bankruptcy on or about February 14, 2012.

16. Without in any way waiving the attorney-client privilege, throughout the Bankruptcy process, Mr. McCandless did not keep me advised of the progress or procedures related to the Bankruptcy.

17. In fact, without in any way waiving the attorney client privilege, Mr. McCandless did not advise me of multiple 341 Meetings of Creditors ("**341 Meetings**"), or the complaint ("**Complaint**") filed against me by the U.S. Trustee challenging the discharge of my debts.

18. I did not appear at multiple 341 Meetings because, without waiving attorney client privilege, I was advised that my presence at such meetings was not necessary.

19. Without in any way waiving the attorney-client privilege, as a result of Mr. McCandless' failure to respond to the Complaint, the Bankruptcy Court granted the U.S. Trustee's Motion for Entry of Default Judgment and ordered that my debts not be discharged.

20. The findings of fact by the Bankruptcy Court related to any actions on my part to defraud creditors or fail in any way to perform my obligations in the Bankruptcy proceedings was in connection with an uncontested Entry of Default Judgment.

21. Subsequent to the Court ordering that my debts were not discharged, I discovered Mr. McCandless' professional profile on the State Bar of California's website.

22. Mr. McCandless' profile reveals at least six (6) instances of discipline with suspension, including, but not limited to, suspensions for failing to file a lawsuit for a client and allowing the statute of limitations to lapse, and failing to file pleadings on multiple occasions in multiple lawsuits. Attached hereto and incorporated herein by this reference as <u>Exhibit "A"</u> is a true and correct copy of Mr. McCandless' profile I reviewed on the State Bar of California website.

23. Moreover, because English is my second language, and my lack of sophistication as it relates to the legal processes, I did not understand my obligations in the Bankruptcy, including but not limited to, the requirement that I identify my potential claims.

3

DECLARATION OF ASHWINDAR KAUR IN SUPPORT OF OPPOSITION TO MOTION FOR JUDGMENT ON PLEADINGS

24. I did not know that I was required to provide information, or update my Bankruptcy schedules, regarding any claims I may have against third parties.

25. Finally, I did not make a decision to file a lawsuit or understand that I had potential claims against Defendant Citibank until in or about 2013, after the Bankruptcy Court ruled that my debts were not discharged.

26. I have, except for those matters alleged on information and belief, personal knowledge of the foregoing facts and can testify competently thereto if called as a witness.

I declare under the penalty of perjury that the foregoing is true and correct under the laws of the State of California.

Executed at Sac, California on April 25th, 2014.

_____
Ashwindar Kaur, Declarant

F:\WORD\14\14203.09\Pleadings\Decl. of Kaur 042414.doc

4

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2014, a copy of the foregoing **DECLARATION OF ASHWINDAR KAUR IN SUPPORT OF OPPOSITION TO MOTION FOR JUDGMENT ON PLEADINGS** was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

                                        /s/ David W. Kahn
                                        David W. Kahn

# EXHIBIT "A"

Thursday, April 24, 2014

**THE STATE BAR OF CALIFORNIA**

## ATTORNEY SEARCH

### Timothy Lee McCandless - #147715

**Current Status:** Active

This member is active and may practice law in California.

See below for more details.

### Profile Information

*The following information is from the official records of The State Bar of California.*

| | | | | |
|---|---|---|---|---|
| **Bar Number:** | 147715 | | | |
| **Address:** | 14070 Hesperia Rd # 203<br>Victorville, CA 92395 | **Phone Number:** | (925) 957-9797 | |
| | | **Fax Number:** | (925) 957-9799 | |
| | | **e-mail:** | mccandlesslaw@gmail.com | |
| **County:** | San Bernardino | **Undergraduate School:** | Whittier Coll; Whittier CA | |
| **District:** | District 4 | | | |
| **Sections:** | None | **Law School:** | Western State Univ; CA | |

### Status History

| Effective Date | Status Change |
|---|---|
| Present | Active |
| 1/17/2008 | Active |
| 6/9/2006 | Not Eligible To Practice Law |
| 8/11/2004 | Active |
| 2/11/2004 | Not Eligible To Practice Law |
| 12/21/2000 | Active |
| 10/22/2000 | Not Eligible To Practice Law |
| 12/14/1998 | Active |
| 11/14/1998 | Not Eligible To Practice Law |
| 9/11/1995 | Active |
| 8/12/1995 | Not Eligible To Practice Law |
| 7/30/1990 | Admitted to The State Bar of California |

Explanation of member status

### Actions Affecting Eligibility to Practice Law

| Effective Date | Description | Case Number | Resulting Status |
|---|---|---|---|
| **Disciplinary and Related Actions** | | | |
| Overview of the attorney discipline system. | | | |
| 12/11/2013 | Notice of Disc Charges Filed in SBCt | 13-O-11217 | |
| 12/17/2006 | Discipline w/actual suspension | 06-PM-12647 | Not Eligible To Practice Law |

| | | | |
|---|---|---|---|
| 6/9/2006 | Discipline w/actual suspension | 03-O-00782 | Not Eligible To Practice Law |
| 2/11/2004 | Discipline w/actual suspension | 02-O-11346 | Not Eligible To Practice Law |
| 10/22/2000 | Discipline w/actual suspension | 96-O-07376 | Not Eligible To Practice Law |
| 11/14/1998 | Discipline w/actual suspension | 95-O-11810 | Not Eligible To Practice Law |
| 8/12/1995 | Discipline w/actual suspension | 93-O-10364 | Not Eligible To Practice Law |

**Administrative Actions**

| | | | |
|---|---|---|---|
| 9/18/2006 | Suspended, failed to pay Bar membr. fees | | Not Eligible To Practice Law |

Copies of official attorney discipline records are available upon request.

Explanation of common actions

## State Bar Court Cases

**NOTE:** *The State Bar Court began posting public discipline documents online in 2005. The format and pagination of documents posted on this site may vary from the originals in the case file as a result of their translation from the original format into Word and PDF. Copies of additional related documents in a case are available upon request. Only Opinions designated for publication in the State Bar Court Reporter may be cited or relied on as precedent in State Bar Court proceedings. For further information about a case that is displayed here, please refer to the State Bar Court's online docket, which can be found at:* http://apps.statebarcourt.ca.gov/dockets/dockets.aspx

**DISCLAIMER:** *Any posted Notice of Disciplinary Charges, Conviction Transmittal or other initiating document, contains only allegations of professional misconduct. The attorney is presumed to be innocent of any misconduct warranting discipline until the charges have been proven.*

| Effective Date | Case Number | Description |
|---|---|---|
| 6/9/2006 | 03-O-00782 | Stipulation [PDF] |
| 2/13/2004 | 02-O-11346 | Modification Order [PDF] |
| 2/13/2004 | 02-O-11346 | Stipulation [PDF] |
| Pending | 13-O-11217 | Initiating Document [PDF] |
| Pending | 06-PM-12647 | Stipulation [PDF] |
| Pending | 06-PM-12647 | Modification Order [PDF] |

## California Bar Journal Discipline Summaries

*Summaries from the California Bar Journal are based on discipline orders but are not the official records. Not all discipline actions have associated CBJ summaries. Copies of official attorney discipline records are available upon request.*

**December 17, 2006**

TIMOTHY LEE McCANDLESS [#147715], 49, of Carson City, Nev. McCandless' probation was revoked, the previous stay of suspension was lifted and he was suspended for 90 days and ordered to comply with rule 955. The order took effect Dec. 17, 2006.

McCandless failed to comply with probation conditions attached to a 2004 disciplinary order — he filed nine probation reports late and did not keep his contact information current with the bar. The underlying discipline was imposed when McCandless stipulated to eight counts of misconduct in three matters, including failure to perform legal services competently, respond to client inquiries or promptly release client files, and he improperly withdrew from representation.

He also has been disciplined four other times. In mitigation, he updated his address and submitted three quarterly probation reports.

**June 9, 2006**

TIMOTHY LEE McCANDLESS [#147715], 48, of Carson City, Nev. was suspended for three years, stayed, actually suspended for six months and was ordered to comply with rule 955. The order took effect June 9, 2006.

McCandless stipulated to two counts of misconduct in a personal injury matter in which he represented the defendants. Although he filed a timely answer on his clients' behalf, he was suspended from practice a short time later and did not inform his clients. He contends he arranged for another attorney to supervise his cases while suspended, but when he returned to work two months later, he learned that interrogatories had not been responded to.

He contends he prepared responses, but the documents were lost in an office flood.

He did not respond to a motion to compel his clients to respond to interrogatories or to a motion for terminating sanctions.

The clients fired him, filed a malpractice action against him and won a stipulated judgment.

McCandless stipulated that he failed to perform legal services competently or keep his clients informed of developments in their case.

He has been disciplined four times previously.

**February 11, 2004**

TIMOTHY LEE McCANDLESS [#147715], 46, of Apple Valley was suspended for 36 months, stayed, placed on 60 months of probation with an actual six-month suspension and was ordered to take the MPRE within one year and comply with rule 955. The order took effect Feb. 11, 2004.

McCandless stipulated to eight counts of misconduct in three matters, including failure to perform legal services competently, respond to client inquiries or promptly release client files, and he improperly withdrew from representation. He received the cases through Centro Legal Hispano, where he had office space, and he relied on staff to do work he should have done.

In a personal injury claim, he never filed a lawsuit for his client despite knowing about the statute of limitations, he never provided the insurance carrier with his client's medical records or bills, and never returned his client's phone calls or otherwise responded to requests for information. He didn't tell the client the statute of limitations had expired. He did not respond to many requests by the insurance company for information and didn't properly supervise his litigation coordinator to insure that the case was handled correctly.

In the second matter, McCandless was hired to represent a client in a probate case concerning real estate left to the client by her mother. He misrepresented to the client he was in the process of opening probate and was in touch with San Bernardino County. He never filed any pleadings or performed any work for the client.

When the client hired a new lawyer, McCandless did not promptly provide her file.

In the third matter, also a personal injury case, the insurance company closed its file on the claim because McCandless never responded to five letters seeking information or documents. He also did not respond to his client's phone messages.

McCandless previously was disciplined in 1995, 1998 and 2000. He agreed to sever his ties with Centro Legal.

**October 22, 2000**

TIMOTHY L. McCANDLESS [#147715], 43, of Los Angeles was suspended for two years, stayed, and placed on two years of probation with an actual 60-day suspension. If the actual suspension exceeds two years, he must prove his rehabilitation. If it exceeds 90 days, he must comply with rule 955. The order took effect Oct. 22, 2000.

McCandless stipulated to five counts of misconduct.

In a civil case, he was ordered by the court to pay $939 in attorney's fees and a $1,000 sanction within 45 days, but he failed to do so.

He collected an illegal fee in a bankruptcy case when the bankruptcy trustee overpaid his legal fees. When his clients requested but did not receive a refund, the court found McCandless received fees in excess of what it had authorized and that he failed to disclose the excess payment as required by law. He was ordered to refund excess fees.

In two other matters, he stipulated that he failed to adequately supervise non-lawyer staff members. One led a caller to believe he was an attorney and another improperly took money from a client for legal services he was not authorized to perform.

McCandless also did not comply with a requirement that he complete ethics school as part of a 1998 discipline imposed because of his misconduct in a bankruptcy matter.

He also was disciplined in 1995 for misconduct in three client matters, including failure to maintain client funds in a trust account, promptly pay a medical lien or report $2,000 in sanctions resulting from a bankruptcy case.

Start New Search »