# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **INDAR JEET KAUR, an individual; ASHWINDAR KAUR, an individual,**<br><br>**Plaintiffs**<br><br>v.<br><br>**CITIBANK, N.A., a national banking association; MICHAEL OSUNA, an individual; and DOES 1 through 100, inclusive**<br><br>**Defendants** | **CASE NO. 1:13-CV-01610**<br><br>**ORDER DIRECTING DEFENDANT TO FILE ADDITIONAL BRIEFING** |

On Aug 16, 2013, Plaintiffs Indar Kaur's and Ashwindar Kaur's ("Plaintiffs") filed claims against defendant Citibank ("Defendant") for damages arising from intentional misrepresentation, negligent misrepresentation and promises made without intention to perform. On March 13, 2014, Defendant filed a Rule 12(c) motion for judgment on the pleadings alleging that Plaintiffs' complaint is barred by judicial estoppel for failure to list this potential cause of action as an asset during each Plaintiff's individual bankruptcy proceedings.

## LEGAL STANDARD

"[J]udgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." *Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989); Fed. R. Civ. Pro. 12(c). The court may consider the full text of documents referred to in the complaint without converting the motion to a motion for summary judgment, provided that the document is central to plaintiff's claim and no party questions the authenticity of the document. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). In considering a Rule 12(c) motion for

judgment on the pleadings, courts make take judicial notice of documents and facts that are referred to in the non-moving party's pleading. *Yang v. Dar Al-Handash Consultants*, 250 F. App'x 771, 772 (9th Cir. 2007).

## DISCUSSION

While there is evidence over which the court can take judicial notice regarding the potential cause of action arising from foreclosure of Plaintiffs' property, neither the pleading nor the information parties have provided give an indication of the date damage accrued by the foreclosure's occurrence.

## ORDER

Accordingly, the Court orders that:

1. Plaintiff is ordered to provide the Court with a more specific date regarding when Plaintiffs knew they were unable to pay the amount demanded by First Southern National Bank; and,

2. Defendant is ordered to provide the Court with the date First Southern National Bank foreclosed upon and possessed the Property;

Parties have 10 business days from issuance of this Order to comply.

IT IS SO ORDERED.

Dated:   June 18, 2014                              _____
                                                     SENIOR  DISTRICT  JUDGE