# EXHIBIT A

1  Eric S. Pezold (SBN 225687)
2  Jasmin Yang (SBN 255254)
   Michelle M. Raji (SBN 268341)
3  SNELL & WILMER L.L.P.
   600 Anton Blvd., Suite 1400
4  Costa Mesa, CA 92626
   Telephone: (714) 427-7414
5  Facsimile: (714) 427-7799
6  Email: epezold@swlaw.com
          jyang@swlaw.com
7         mraji@swlaw.com

8  *Attorneys for Plaintiff, First Southern*
9  *National Bank*

FILED
FEB 27 2012
TODD H. BARTON, COURT EXECUTIVE OFFICER
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF KINGS

BY FAX

10           SUPERIOR COURT OF THE STATE OF CALIFORNIA
11                      FOR THE COUNTY OF KINGS

| | |
|---|---|
| FIRST SOUTHERN NATIONAL BANK, a national banking association,<br><br>Plaintiff,<br><br>vs.<br><br>INDAR JEET KAUR, an individual; ASHWINDAR KAUR, an individual; H & A PARTNERS, L.P., a Nevada limited partnership; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 11C0142<br><br>**DECLARATION OF PAUL MASHNI IN SUPPORT OF MOTION TO APPROVE FINAL ACCOUNT AND REPORT AND DISCHARGE OF RECEIVER**<br><br>[Motion for Approval of Final Account and Report and [Proposed] Order filed concurrently herewith]<br><br><u>Hearing</u><br><br>Date: March 27, 2012<br>Time: 8:15 a.m.<br>Place: Dept. 3<br><br>Complaint Filed: April 26, 2011 |

I, Paul Mashni, hereby declare as follows:

1.  I am over the age of 18 and qualified to make the within declaration. The facts stated herein are based upon my personal knowledge, and if called upon to testify, I

YANG\SWDMS\14282007

DECLARATION OF PAUL MASHNI IN SUPPORT OF MOTION TO APPROVE FINAL ACCOUNT

1  could and would competently testify thereto.

2. I am the Chief Executive Officer of PEM Real Estate Group ("PEM"). I have been employed by PEM for 17 years. I was nominated by Plaintiff, First Southern National Bank ("Plaintiff"), to serve as state court receiver in connection with certain real and personal property that is located at 1700 Dairy Road, Corcoran, County of Kings, State of California (the "Property") which is owned by Defendants Indar Jeet Kaur ("Indar") and Ashwindar Kaur ("Ashwindar") (Indar and Ashwindar are sometimes collectively referred to herein as the "Borrowers").

3. The Property consists of a 190-unit apartment complex. Before taking possession of the Property, Plaintiff noted there were several items of deferred maintenance on the Property and several items that needed immediate attention including:

   a. Of the 190 units, 75 had been vacant for 3 years or longer. 45 of those vacant units were not even rentable as a result of their state of deterioration. The cost of repairing the vacant units was estimated at $500,000;

   b. The parking lot on the Property had to be completely removed and replaced at a cost of nearly $600,000;

   c. All of the buildings on the Property had significant dry rot damage and need to be resurfaced and repainted. The cost of this project will exceed $432,000;

   d. All of the water meters on the Property needed to be replaced;

   e. The jacuzzi had not been operational for 3 years and was out of legal compliance;

   f. Drainage and sewer lines were clogged and needed to be cleaned; and

   g. The staff hired by the Borrowers to maintain the Property were underpaid, under-qualified, and were not certified for their positions.

4. I was appointed as Receiver by the Court in this action on or about June 2, 2011. Shortly thereafter I filed a bond and oath in accordance with the Court's "Order Appointing Receiver" dated June 2, 2011.

5. Before I was able to assume my duties as Receiver, Indar filed a bankruptcy

YANGJ\SWDMS\14282007

- 2 -

**DECLARATION OF PAUL MASHNI IN SUPPORT OF MOTION TO APPROVE FINAL ACCOUNT**

case with the States Bankruptcy Court for the Eastern District (the "<u>Bankruptcy Court</u>") in the Sacramento Division at Case No. 11-33839.

6. Plaintiff filed a motion for relief from stay with the Bankruptcy Court. On September 15, 2011, the Bankruptcy Court entered an order granting Plaintiff's motion (the "<u>Stay Relief Order</u>").

7. Following entry of this order, on September 16, 2011, I traveled to the Property to take possession and control of the Property.

8. Notwithstanding the Stay Relief Order, the Ashwindar and Indar refused my access to the Property. After being advised that any further interference with the receiver would result in obtaining appropriate relief from the Court, Ashwindar and Indar relented and I took possession of the Property on September 20, 2011.

9. Upon taking possession of the Property, I began immediate implementation of the following:

    a. Instituted sound business and office practices including, but not limited to, the fiscal responsible accounting practice of not accepting cash payments;

    b. Hired each of the Property's staff members since the Borrowers were paying the employees less than minimum wage, as required by law;

    c. Began efforts to clean and repair the exterior of buildings, including washing, scraping, prepping and priming the surface before a repaint is done;

    d. Contracted with a local vendor who immediately repaired all raw sewage backup in the sewers;

    e. Contracted a vendor for repairing broken water pumps and spray ports;

    f. Contacted a pool company to repair all pool equipment and drain and refill both pools;

    g. Directed on site staff to drain the pool and acid wash as needed;

    h. Obtained bids for the repair to the pond and pool fencing;

    i. Completed a list outlining all missing parts in the vacant units;

1            j.    Refurbished items and completed deferred maintenance on the vacant units;

           k.    Ordered dumpster rolls and directed maintenance team to start removing the waste from the vacant units; and

           l.    Obtained a vendor to begin pest control services to remove rats, cats, roaches and spiders that have infested the units due to neglect.

10.    On September 22, 2011, I obtained funding from Plaintiff in the form of a Receiver's Certificate in the amount of $ 100,000 to fund repairs and maintenance on the Property.

11.    Three days after I took possession of the Property, on September 23, 2011, Ashwindar filed her bankruptcy petition with the Bankruptcy Court at case no. 11-33839 (the "First Petition").

12.    On September 28, 2011, Plaintiff filed a motion for relief from stay in Ashwindar's bankruptcy case. On October 8, 2011, the Bankruptcy Court modified the automatic stay to permit me to remain in possession of the Property.

13.    The First Petition was dismissed by the Bankruptcy Court after Ashwindar failed to file required documents.

14.    While the First Petition was pending, Ashwindar and Indar, through their relative Amar Mathfalan attempt to obstruct my administration of the receivership estate, by, among other things, purporting to fire employees working on the Property and threatening employees of the Property on October 3, 2011. Eventually, one of Mr. Mathfalan's associates had to be removed from the Property by the Corcoran Police Department. The details concerning the events on October 3, 2011 are set forth in the Declaration of Debra Corse filed concurrently herewith.

15.    On November 2, 2011, Ashwindar filed a second bankruptcy case with the Bankruptcy Court at case no. 11-46148 (the "Second Petition"). Plaintiff filed another motion for relief from stay, which was granted on December 15, 2011. In the order granting relief from stay, the Bankruptcy Court made a finding that Ashwindar's Second

YANGJ\SWDMS\14282007                - 4 -

**DECLARATION OF PAUL MASHNI IN SUPPORT OF MOTION TO APPROVE FINAL ACCOUNT**

1  Petition had been filed in bad faith.

2  16. In short, much time and expense has been incurred as a result of the
3  Borrowers' successive and bad faith bankruptcy filings and as a result of their attempts to
4  obstruct access of the Property.

5  17. On December 21, 2011, the Property was sold at a trustee's sale to Willow
6  Lakes RE CA, LLC. Now that the Property has been sold, my duties as receiver have
7  concluded and it is appropriate to wind down the receivership estate.

8  18. Pursuant to Rule 3.1184 of the California Rules of Court, I have prepared
9  and submit herewith my Final Report and Accounting (the "<u>Final Account and Report</u>") to
10 the Court. Attached hereto as Exhibit 1 and incorporated herein by this reference is a true
11 and correct copy of the Final Account and Report.

12 19. The Final Account and Report provides a summary of all receivership
13 accounting to date, including the total amount of income and/or funding received from the
14 inception of the receivership until December 31, 2011, as well as categorized total
15 expenditures disbursed from inception to December 31, 2011.

16 20. Pursuant to Rule 3.1184(c) of the California Rules of Court, the Receiver
17 provided notice of this Motion and the foregoing Final Account and Report toe very
18 person and entity known to the Receiver potentially having a substantial, unsatisfied claim
19 that will be affected by the Order, as reflected in the attached proof of service.

20

21  I declare, under penalty of perjury, under the laws of the State of California, that
22 the foregoing is true and correct. Executed this 23 day of February 2012 at Scottsdale,
23 Arizona.

_____
Paul Mashni

Exhibit 1

1/20/2012 12:27 PM

Willow Lakes (wil)
# Income Statement (12 months)
Period = Sep 2011-Dec 2011
Book = Accrual

| Account | Description | | | | | |
|---|---|---|---|---|---|---|
| 4004-0000 | REVENUE | | | | | |
| 4100-0000 | RENT REVENUE | | | | | |
| 4300-0000 | Gross Potential Market Rent | 34,489.17 | 151,990.00 | 151,990.00 | 107,863.87 | 446,333.04 |
| 4400-0000 | Loss/Gain to Lease | -1,775.97 | -3,264.00 | -4,644.00 | -3,402.19 | -13,086.16 |
| 4610-0000 | Less: Vacancy | -8,387.67 | -13,540.91 | -16,754.22 | -9,997.99 | -48,680.79 |
| 4620-0000 | Less: Non Rev Producing Units | 0.00 | -42,810.00 | -37,870.00 | -26,875.48 | -107,555.48 |
| 4640-0000 | Less: Employee Units | 0.00 | -1,872.00 | -2,722.00 | -2,179.94 | -6,773.94 |
| 4650-0000 | Less: Concess (Mthly recurring) | 0.00 | 0.00 | 0.00 | -2,490.00 | -2,490.00 |
| 4656-0000 | Less: Concess (Resident Referral) | 0.00 | 0.00 | -100.00 | -200.00 | -300.00 |
| 4657-0000 | Less: Concess (Special Circumstance) | 0.00 | -680.00 | -200.00 | -240.00 | -1,120.00 |
| 4999-9999 | NET RENT REVENUE | 24,325.53 | 89,823.09 | 89,699.78 | 62,478.27 | 266,326.67 |
| 5600-0000 | OTHER REVENUE | | | | | |
| 5640-0000 | Application Fees | 125.00 | 525.00 | 450.00 | 250.00 | 1,350.00 |
| 5645-0000 | Late Fees | 0.00 | 0.00 | 80.00 | 215.00 | 295.00 |
| 5650-0000 | NSF Fees | 0.00 | 0.00 | 0.00 | 25.00 | 25.00 |
| 5655-0000 | Legal Fees | 0.00 | 0.00 | 150.00 | 0.00 | 150.00 |
| 5656-0000 | Non-Refundable Pet Fees | 0.00 | 0.00 | 600.00 | 0.00 | 600.00 |
| 5670-0000 | Garage & Carport Fees | 0.00 | 245.00 | 345.00 | 332.10 | 922.10 |
| 5690-0000 | Key & Lock Fees | 0.00 | 0.00 | 170.00 | 0.00 | 170.00 |
| 5695-0000 | Utility Charges | 0.00 | 2,930.00 | 2,932.76 | 2,856.21 | 8,718.97 |
| 5712-0000 | Insufficient Notice | 0.00 | 0.00 | 645.00 | 385.17 | 1,030.17 |
| 5715-0000 | Damages & Cleaning Fees | 0.00 | 0.00 | 15,026.32 | 3,500.03 | 18,526.35 |
| 5725-0000 | Administrative Fee | 0.00 | 240.00 | 280.00 | 0.00 | 520.00 |
| 5727-0000 | Admin/App Fee Concession | 0.00 | 0.00 | -50.00 | -25.00 | -75.00 |
| 5735-0000 | Laundry Machine Income | 29.00 | 0.00 | 270.00 | 258.00 | 557.00 |
| 5760-0000 | Miscellaneous Income | 0.00 | -10.00 | 0.00 | 3,420.55 | 3,410.55 |
| 5790-0000 | Bad Debt Contra Reserve | 0.00 | 0.00 | -14,159.66 | -2,970.14 | -17,129.80 |
| 5899-0000 | TOTAL OTHER REVENUE | 154.00 | 3,930.00 | 6,739.42 | 8,246.92 | 19,070.34 |
| 5999-0000 | TOTAL REVENUE | 24,479.53 | 93,753.09 | 96,439.20 | 70,725.19 | 285,397.01 |
| 6210-0000 | PERSONNEL EXPENSE | | | | | |
| 6210-0200 | Manager's Salary | 730.76 | 3,147.91 | 3,147.91 | 2,423.06 | 9,449.64 |
| 6210-0300 | Asst. Manager's Salary | 715.38 | 2,568.03 | 2,568.03 | 1,884.60 | 7,736.04 |
| 6210-0400 | Leasing Salaries | 609.05 | 184.62 | 1,215.78 | 1,473.50 | 3,482.95 |
| 6210-0500 | Maint Supervisor's Salary | 646.15 | 2,319.52 | 2,319.52 | 1,999.99 | 7,285.18 |
| 6210-0600 | Maint Salaries | 1,231.90 | 4,867.86 | 4,868.55 | 4,081.65 | 15,049.96 |
| 6210-0700 | Housekeeping Salaries | 400.30 | 3,893.62 | 2,830.78 | 1,561.50 | 8,686.20 |
| 6210-0800 | Other Administrative Expenses | 229.89 | 4,202.60 | 4,188.58 | 3,501.84 | 12,122.91 |
| 6220-0100 | Bonus/Commission | 0.00 | 0.00 | 0.00 | 329.98 | 329.98 |
| 6220-0150 | Employee Recognition | 0.00 | 0.00 | 0.00 | 87.84 | 87.84 |
| 6220-0200 | Payroll Taxes | 509.17 | 2,695.73 | 2,155.11 | 2,034.83 | 7,394.84 |
| 6220-0300 | Insurance Benefits | 0.00 | 477.59 | 477.59 | 443.48 | 1,398.66 |
| 6220-0500 | Workers Compensation Premium | 0.00 | 21.34 | 21.34 | 0.00 | 42.68 |
| 6220-0700 | Payroll Service | 1,999.70 | 370.74 | 172.43 | 207.22 | 2,750.09 |
| 6229-9999 | TOTAL PERSONNEL EXPENSE | 7,072.30 | 24,749.56 | 23,965.62 | 20,029.49 | 75,816.97 |
| 6300-0000 | UTILITY EXPENSES | | | | | |
| 6310-0010 | Electric Common Area | 808.38 | 822.63 | 3,300.00 | 3,795.74 | 8,726.75 |
| 6310-0020 | Gas Common Area | 0.00 | 163.12 | 17.61 | 32.26 | 212.99 |
| 6310-0030 | Water | 3,000.00 | 9,815.78 | 9,089.96 | 9,650.10 | 31,555.84 |
| 6310-0040 | Trash Removal | 1,000.00 | 4,092.80 | 4,149.23 | 3,742.20 | 12,984.23 |
| 6310-0060 | Telephone | 300.00 | 300.00 | 412.76 | 38.56 | 1,051.32 |
| 6310-0070 | Internet | 72.90 | 70.00 | 70.45 | 70.45 | 283.80 |
| 6311-0000 | Electric Vacant | 863.56 | 300.00 | 100.00 | 354.57 | 1,618.13 |
| 6321-0000 | Gas Vacant | 0.00 | 214.20 | 8.95 | 122.73 | 345.88 |
| 6340-0000 | Sewer | 3,000.00 | 3,371.99 | 3,371.99 | 3,371.99 | 13,115.97 |
| 6399-0000 | TOTAL UTILITIES | 9,044.84 | 19,150.52 | 20,520.95 | 21,178.60 | 69,894.91 |

1/20/2012 12:27 PM

**Willow Lakes (wil)**
**Income Statement (12 months)**
Period = Sep 2011-Dec 2011
Book = Accrual

| Account | Description | | | | | Total |
|---|---|---|---|---|---|---|
| 6400-0000 | REPAIRS & MAINTENANCE | | | | | |
| 6420-0100 | Appliance Repairs | 0.00 | 0.00 | 258.95 | 186.85 | 445.80 |
| 6420-0130 | Cleaning-Supplies | 600.00 | 1,296.81 | 572.75 | 836.55 | 3,306.11 |
| 6420-0135 | Contract Cleaning - Units | 0.00 | 0.00 | 300.00 | 665.00 | 965.00 |
| 6420-0150 | Building-Interior | 0.00 | 199.01 | 286.09 | 69.75 | 554.85 |
| 6420-0170 | Electrical-In House | 0.00 | 446.18 | 55.61 | 101.50 | 603.29 |
| 6420-0200 | HVAC-Contract | 725.00 | 220.00 | 0.00 | 635.00 | 1,580.00 |
| 6420-0210 | HVAC-In House | 0.00 | 0.00 | 0.00 | 67.75 | 67.75 |
| 6420-0220 | Locks & Keys | 0.00 | 310.71 | 385.04 | 438.04 | 1,133.79 |
| 6420-0225 | General Maint - Supplies | 0.00 | 188.88 | 32.64 | 203.72 | 425.24 |
| 6420-0235 | Painting - Interior | 0.00 | 155.96 | 0.00 | 0.00 | 155.96 |
| 6420-0240 | Painting-Supplies | 0.00 | 0.00 | 378.26 | 400.28 | 778.54 |
| 6420-0250 | Plumbing-Contract | 312.50 | 305.00 | 1,094.50 | 479.75 | 2,191.75 |
| 6420-0260 | Plumbing-Supplies | 0.00 | 0.00 | 970.13 | 587.98 | 1,558.11 |
| 6420-0290 | Site Vehicle Supplies | 0.00 | 0.00 | 0.00 | 863.63 | 863.63 |
| 6420-0315 | Tub, Shower & Sink Repairs | 0.00 | 0.00 | 0.00 | 23.58 | 23.58 |
| 6420-0320 | Window & Screen Replacement | 0.00 | 0.00 | 160.03 | 540.76 | 700.79 |
| 6420-0340 | R & M -In House | 0.00 | 0.00 | 0.00 | 320.52 | 320.52 |
| 6420-0350 | Extermination Services | 565.00 | 280.00 | 560.00 | 420.00 | 1,825.00 |
| 6420-0360 | Carpet Cleaning & Repairs | 370.00 | 821.42 | 798.65 | 100.00 | 2,090.07 |
| 6420-0366 | Tree Trimming | 0.00 | 150.00 | 0.00 | 0.00 | 150.00 |
| 6420-0370 | Landscaping Contract | 525.00 | 2,100.00 | 2,100.00 | 0.00 | 4,725.00 |
| 6420-0375 | Landscaping Supplies | 0.00 | 1,558.37 | 75.00 | 0.00 | 1,633.37 |
| 6499-0000 | TOTAL REPAIRS & MAINTENANCE | 3,097.50 | 8,032.34 | 8,027.65 | 6,940.66 | 26,098.15 |
| 6510-0000 | LEASING & MARKETING | | | | | |
| 6510-0110 | Advertising-Printed Media | 0.00 | 0.00 | 550.00 | 0.00 | 550.00 |
| 6510-0120 | Internet | 0.00 | 0.00 | 0.00 | 299.00 | 299.00 |
| 6510-0150 | Apartment Guide & Magazine | 0.00 | 0.00 | 0.00 | 634.00 | 634.00 |
| 6510-0190 | Locator & Broker Fees | 0.00 | 0.00 | 270.00 | 36.00 | 306.00 |
| 6510-0200 | Marketing-Other | 0.00 | 308.50 | 414.50 | 229.00 | 952.00 |
| 6510-0250 | Prospect Refreshments | 0.00 | 16.14 | 0.00 | 0.00 | 16.14 |
| 6510-0260 | Resident Functions & Parties | 0.00 | 194.71 | 119.24 | 190.56 | 504.51 |
| 6510-0280 | Resident Retention | 0.00 | 0.00 | 0.00 | 3.42 | 3.42 |
| 6510-9999 | TOTAL LEASING & MARKETING | 0.00 | 519.35 | 1,353.74 | 1,391.98 | 3,265.07 |
| 6520-0000 | ADMINISTRATIVE EXPENSES | | | | | |
| 6520-0150 | Banking, Merchant Fees | 114.98 | 46.60 | 52.11 | 54.24 | 267.93 |
| 6520-0160 | Computer Equipment & Services | 0.00 | 33.12 | 93.30 | 108.97 | 235.39 |
| 6520-0165 | Software License Fees | 0.00 | 236.31 | 236.31 | 2,363.09 | 2,835.71 |
| 6520-0180 | Credit Verification Fees | 0.00 | 510.76 | 370.16 | 180.36 | 1,061.28 |
| 6520-0190 | Dues & Subscriptions | 0.00 | 0.00 | 62.70 | 62.70 | 125.40 |
| 6520-0200 | Employee Mileage & Travel | 2,225.20 | 1,975.76 | 1,843.08 | 1,853.17 | 7,897.21 |
| 6520-0210 | Employee-Meeting/Travel | 601.26 | 163.91 | 76.59 | 167.61 | 1,009.37 |
| 6520-0230 | Employee Training & Education | 0.00 | 0.00 | 0.00 | 36.01 | 36.01 |
| 6520-0260 | Furnishings & Decorating-Office | 0.00 | 54.58 | 0.00 | 0.00 | 54.58 |
| 6520-0280 | Licenses, Fees & Permits | 0.00 | 165.00 | 0.00 | 70.00 | 235.00 |
| 6520-0300 | Office Supplies | 565.10 | 253.55 | 415.14 | 328.93 | 1,562.72 |
| 6520-0320 | Postage | 0.00 | 266.54 | 187.41 | 68.41 | 522.36 |
| 6520-0330 | Printing, Copying & Fax | 0.00 | 32.90 | 55.18 | 53.48 | 141.56 |
| 6520-0360 | Uniforms (all staff) | 0.00 | 0.00 | 65.67 | 0.00 | 65.67 |
| 6520-0370 | Management Fee | 6,000.00 | 6,000.00 | 6,000.00 | 4,432.42 | 22,432.42 |
| 6520-9999 | TOTAL ADMINISTRATIVE EXPENSES | 9,506.54 | 9,739.03 | 9,457.65 | 9,779.39 | 38,482.61 |
| 6530-0000 | COLLECTIONS EXPENSE | | | | | |
| 6530-0140 | Bad Debt Expense | 0.00 | 1,206.00 | 1,365.16 | 3,055.00 | 5,626.16 |
| 6530-0240 | Eviction & Legal Fees | 0.00 | 175.00 | 0.00 | 0.00 | 175.00 |
| 6530-9999 | TOTAL COLLECTIONS EXPENSE | 0.00 | 1,381.00 | 1,365.16 | 3,055.00 | 5,801.16 |
| 6600-0000 | INSURANCE | | | | | |

1/20/2012 12:27 PM

Willow Lakes (wil)
## Income Statement (12 months)
Period = Sep 2011-Dec 2011
Book = Accrual

| | | | | | | |
|---|---|---|---|---|---|---|
| 6610-0000 | Liability & Property Insurance | 0.00 | 2,845.92 | 2,845.92 | -1,115.62 | 4,576.22 |
| 6640-0000 | Other Insurance | 0.00 | 331.48 | 0.00 | 115.51 | 446.99 |
| 6699-0000 | TOTAL INSURANCE | 0.00 | 3,177.40 | 2,845.92 | -1,000.11 | 5,023.21 |
| 6700-0000 | PROPERTY TAXES | | | | | |
| 6710-0000 | Real Property Taxes | 7,982.86 | 7,982.86 | 7,982.86 | 5,854.09 | 29,802.67 |
| 6799-0000 | TOTAL PROPERTY TAXES | 7,982.86 | 7,982.86 | 7,982.86 | 5,854.09 | 29,802.67 |
| 6990-0000 | TOTAL OPERATING EXPENSE | 36,704.04 | 74,732.06 | 75,519.55 | 67,229.10 | 254,184.75 |
| 6999-0000 | NET OPERATING INCOME | -12,224.51 | 19,021.03 | 20,919.65 | 3,496.09 | 31,212.26 |
| 7200-0000 | NON-OPERATIONAL EXPENSE | | | | | |
| 7520-0135 | Legal Fees | 0.00 | 0.00 | 0.00 | 46,100.17 | 46,100.17 |
| 7600-0000 | TOTAL NON-OPERATIONAL EXPENSE | 0.00 | 0.00 | 0.00 | 46,100.17 | 46,100.17 |
| 8149-9999 | NI BEFORE DEPR AND AMORT | -12,224.51 | 19,021.03 | 20,919.65 | -42,604.08 | -14,887.91 |
| 9090-0000 | NET INCOME FROM OPERATIONS | -12,224.51 | 19,021.03 | 20,919.65 | -42,604.08 | -14,887.91 |
| 9250-0000 | Gain/(Loss) | 0.00 | 0.00 | 0.00 | 76,247.21 | 76,247.21 |
| 9500-0000 | NET INCOME | -12,224.51 | 19,021.03 | 20,919.65 | 33,643.13 | 61,359.30 |